IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANDRE C. THOMPSON,

    Petitioner,

v.                                                 Civil Action No. 3:12CV16

HAROLD CLARKE,

    Respondent.

**MEMORANDUM OPINION**

    Andre C. Thompson, a Virginia state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). Respondent moves to dismiss. Thompson has responded. The matter is ripe for disposition.

**I. PROCEDURAL HISTORY**

    The Court of Appeals of Virginia aptly summarized the relevant facts of this case:

> [Thompson] began having sexual intercourse with the victim, his daughter, when she was approximately eleven years old. These acts occurred approximately every other weekend on Saturdays when the victim's mother was not present in the residence. According to the evidence, the victim initiated some of these sexual encounters. The sexual relationship continued to the point where [Thompson] would say, "get ready," and the victim would go into his bedroom to undress and have sex with [Thompson]. The victim testified that while she refused [Thompson]'s requests for sex on occasion, she was not scared of [Thompson] or threatened at any time.

> Even though there was no explicit evidence of intimidation, there is no requirement of "proof that the victim feared some type of bodily harm other than the harm inherent in the sexual assault." [Commonwealth v.] Bower, 264 Va. [41,] 46, 563 S.E.2d [736,] 738 [(2002)]. The sexual assault[s] began when the victim was ten years old. As the victim grew older, she acquiesced to the sexual intercourse—despite her initial refusal—because "it was going on for so long." The evidence shows that [Thompson] attempted to isolate the victim by making her promise not to tell anyone about these incidents. Indeed, [Thompson] made a point to only have sex with the victim when the mother was not in the house. The victim only told her mother when the victim discovered she was pregnant with [Thompson]'s child. In conjunction with the continuous instances of sexual abuse starting when [the victim] was ten years old, the "paternal bond, along with the victim's age and relative isolation from others, impeded her ability to resist her father." Clark [v. Commonwealth], 30 Va. App. [406,] 411, 517 S.E.2d [260,] 262 [(1999)].

Thompson v. Commonwealth, No. 1166-09-2, at 2-3 (Va. Ct. App. Oct. 29, 2009).

The Circuit Court for the County of Essex, Virginia ("Circuit Court") convicted Thompson of four counts of rape and four counts of incest and gave him an active sentence of thirty-three years and two months of imprisonment. Thompson appealed his case to the Court of Appeals of Virginia arguing that that there was insufficient evidence to support his conviction. The Court of Appeals of Virginia denied Thompson's petition for appeal. Thompson, No. 1166-09-2, at 1. The Supreme Court of Virginia subsequently refused Thompson's petition for appeal. Thompson v. Commonwealth, No. 100215, at 1 (Va. July 22, 2010).

2

Thompson next filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. The Supreme Court of Virginia dismissed Thompson's petition. Thompson v. Dir., Dep't Corr., No. 110303, at 4 (Va. June 21, 2011). Subsequently, Thompson filed his § 2254 Petition in this Court making the following claims:

| | |
|---|---|
| Claim One | Counsel deficiently failed to inform the Circuit Court that "the victim had drafted an affidavit indicating her unwillingness to testify against [Thompson]." (§ 2254 Pet. 3.)[1] |
| Claim Two | Counsel deficiently failed to file a motion to dismiss "once the Commonwealth admitted there was no proof of force or threat." (Id. at 4.) |
| Claim Three | Appellate counsel deficiently failed to appeal the correct indictment number. |
| Claim Four | The evidence was insufficient to support two of the four rape convictions. |

## II. SUFFICIENCY OF THE EVIDENCE

In this case it is appropriate for the Court to first address Thompson's last claim, insufficiency of the evidence. In evaluating a § 2254 claim of insufficient evidence, the relevant question for this Court is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements

---

[1] The Court has corrected the capitalization in quotations to Thompson's submissions.

3

of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (citing Johnson v. Louisiana, 406 U.S. 356, 362 (1972)). Further, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Id. at 326.

The Circuit Court convicted Thompson of four counts of incest, two counts of rape by force or intimidation,[2] and two counts of rape of a child under the age of thirteen years. Thompson asserts that the evidence at trial was insufficient to support two convictions for rape by force or intimidation. "Thompson contends that the evidence presented at his trial is insufficient to prove that Thompson exercised such domination and control [over the victim] as to overcome her mind and overbear her will by force, threat, or intimidation . . . ." (Mem. Supp. § 2254 Pet. 14-15.)

In Virginia sexual abuse jurisprudence, "intimidation" is defined as "putting a victim in fear of bodily harm by

---

[2] The Circuit Court convicted Thompson of these two counts pursuant to § 18.2-61(A)(i) of the Code of Virginia. This statute stated, in pertinent part: "If any person has sexual intercourse with a complaining witness . . . (i) against the complaining witness's will, by force, threat or intimidation of or against the complaining witness . . . he or she shall be guilty of rape." Va. Code Ann. § 18.2-61(A) (West 2009).

4

exercising such domination and control of her as to overcome her mind and overbear her will." Sutton v. Commonwealth, 324 S.E.2d 665, 670 (Va. 1985). "Intimidation may be caused by the imposition of psychological pressure on one who, under the circumstances, is vulnerable and susceptible to such pressure." Id.

> Matters such as the victim's age, the relative size of the defendant and victim, the familial relationship between the defendant and victim, and the vulnerable position of the victim are not matters of the "temperamental timidity" of the victim and are relevant matters to be considered with other testimony when determining whether the victim was put in fear of bodily harm.

Commonwealth v. Bower, 563 S.E.2d 736, 738 (Va. 2002) (emphasis added). Though a parental bond does not per se support an inference of intimidation, Sabol v. Commonwealth, 553 S.E.2d 533, 538 (Va. Ct. App. 2001), "it is a highly relevant circumstance" to consider. Clark v. Commonwealth, 517 S.E.2d 260, 262 (Va. Ct. App. 1999) (citing Sutton, 324 S.E.2d at 670).

At trial, the victim testified that she began having sex with her father, Andre Thompson, while in the fifth grade. (March 18, 2009 Tr. 123:11.) She continued to engage in sexual intercourse with her father every other Saturday until she became pregnant by him while in the eighth grade. (Id. at 123:1-16, 128:21-25.) The victim swore that Thompson initiated their encounters by saying, "Get ready" (Id. at 125:20-21), at

5

which point she would go into the bedroom and prepare for intercourse. (See id. at 125:9-128:11.) The victim stated that, if she refused sexual intercourse, Thompson would give her "a look" which would prompt her to have intercourse with Thompson despite her initial refusal. (Id. at 127:13-128:2.) The victim testified that she had sexual intercourse with Thompson, despite her initial refusal, "[b]ecause it was going on for so long." (Id. at 128:5.)[3] The victim further stated that Thompson never had intercourse with her while her mother, Thompson's wife, was at home. (Id. at 124:11-13.) Evidence at trial also showed that Thompson affirmatively instructed the victim not to tell anyone about their sexual encounters. (Id. at 51:21-23.)

The Circuit Court stated:

> [Thompson's] argument seems to be here that when this child turned 13 years of age, that at that point because she was a little bit more mature that this was a consensual sexual relationship between her [and her father], and not one that was affected by fear or intimidation.
> When these incidents happened, although she had a younger sister, she was, for all intents and purposes, alone with her father in the house. Her testimony was that she had said "no" to her father, but these were barely the words [sic] types of transactions, and that although she said "no," she received no response.

---

[3] Though the victim testified that Thompson never physically intimidated her, Thompson's wife testified that, upon confronting Thompson with his actions and threatening to go to the police, Thompson "got the knife after [his wife]." (March 18, 2009 Tr. 45:7.)

6

> <u>Obviously this child was preconditioned to know that saying no was pointless</u>.
> The question[ ] this Court sees in this case is whether there was intimidation because this child was simply overwhelmed, a pattern that persisted for years on end and only stopped when she became pregnant.
> . . . .
> And we know this may not have been the situation of physical force on this young child, there was an overbearing persuasion that we think overbore her will and which continued consistently right up to when a situation developed that she could no longer continue with the way it was, and that was because she was going to have to tell somebody sometime that she was pregnant.

(March 18, 2009 Tr. 147:13-148:22 (emphasis added).)

Thus, after reviewing the evidence and credibility determinations "in the light most favorable to the prosecution," <u>Jackson</u>, 443 U.S. at 319, the Court readily concludes that the evidence in this case clearly showed that "the 'paternal bond, along with the victim's age and relative isolation from others, impeded her ability to resist her father.'" <u>Thompson v. Commonwealth</u>, No. 1166-09-2, at 2-3 (Va. Ct. App. Oct. 29, 2009) (<u>quoting</u> <u>Clark</u>, 517 S.E.2d at 262). Accordingly, because a "rational trier of fact could have found [the element of intimidation] beyond a reasonable doubt," <u>Jackson</u>, 443 U.S. at 319, Claim Four will be dismissed.

7

### III. INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of <u>Strickland</u>, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" <u>Burch v. Corcoran</u>, 273 F.3d 577, 588 (4th Cir. 2001) (quoting <u>Strickland</u>, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694. The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>Murray v. Carrier</u>, 477 U.S. 478, 494 (1986) (internal quotation marks omitted; emphasis omitted). In analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel

8

performed deficiently if the claim is readily dismissed for lack of prejudice. <u>Strickland</u>, 466 U.S. at 694.

### A. Claim One

In Claim One, Thompson alleges that, during opening statements, trial counsel "refused to tell the court, that the Commonwealth's witness (which is the victim) had filed an affidavit with the court, not to testify against [Thompson], her father." (Mem. Supp. § 2254 Pet. 2.) Thompson asserts that the "[A]ffidavit shows the victim, plead**ed** the **5th** Amendment,[4] not-to testify." (<u>Id.</u>) "Counsel, stood **mute** [and] this **muteness** on behalf of [Thompson's] counsel, caused the victim, in this case to be forced by the court to testify." (<u>Id.</u> at 3 (citation omitted).)

Though the victim in this case initially refused to answer questions on the witness stand, the Commonwealth eventually recalled her and she answered all questions put to her. At no time did the victim ever assert her Fifth Amendment right against self-incrimination. Moreover, as the victim, Thompson's daughter "was not subject to incriminating herself by testifying in [Thompson's] criminal trial." <u>Thompson v. Dir. Dep't Corr.</u>, No. 110303, at 2 (Va. June 21, 2011). Thus, Thompson fails to show prejudice resulting from trial counsel's failure to raise

---

[4] "No person shall . . . be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amend. V.

9

the subject of the victim's affidavit. Accordingly, Claim One will be dismissed.

### B. Claim Two

In Claim Two, Thompson asserts that counsel deficiently "**refused**, to put in a 'motion to dismiss,' after hearing the Judge and Commonwealth['s] Attorney both states [sic] on record, that there is **no** proof of force or threats in this case." (Mem. Supp. § 2254 Pet. 5.) Though Thompson correctly asserts that no evidence of force or threat against the victim existed, the Circuit Court found credible evidence of intimidation. (March 18, 2009 Tr. 148:2-6.) "[E]vidence that [Thompson] accomplished these rapes by intimidation was sufficient to support his convictions." Thompson, No. 110303, at 3; see Va. Code Ann. § 18.2-61(A) (West 2009); Sutton v. Commonwealth, 324 S.E.2d 665, 670 (Va. 1985). Thompson cannot show deficiency where counsel failed to make a frivolous motion. Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005). Accordingly, Claim Two will be dismissed.

### C. Claim Three

In Claim Three, Thompson alleges that appellate counsel "errored [sic], by filing the wrong indictment number . . . with an **all** suspended to the Court of Appeals." (Mem. Supp. § 2254 Pet. 7.) It appears to the Court that Thompson faults appellate counsel for appealing a conviction for which he received a

10

suspended sentence, rather than appealing a conviction for which he received an active sentence. Upon closer review, it is clear that appellate counsel chose to appeal Thompson's two convictions for rape by force or intimidation as opposed to his two convictions for rape predicated only on the age of the victim.

To establish ineffective assistance of appellate counsel, a petitioner must demonstrate deficiency and prejudice, as required by Strickland. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000). Appellate counsel is under no obligation to raise all non-frivolous issues on appeal. Smith v. Murray, 477 U.S. 527, 536 (1986) ("[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.") (internal quotation marks omitted). To the contrary, appellate counsel is charged with reviewing the record and "selecting the most promising issues for review." Jones v. Barnes, 463 U.S. 745, 752 (1983). To overcome the presumption of effective assistance of appellate counsel, petitioner must demonstrate that ignored issues were clearly stronger than those presented. Jarvis, 236 F.3d at 164.

Here, the evidence at trial that Thompson had sexual intercourse with his daughter while she was less than thirteen

years of age was overwhelming.[5] Understandably, appellate counsel chose to dispute the two counts of rape predicated on force or intimidation. See supra Part II. Absent entirely from Thompson's submissions is any evidence demonstrating that an appeal of his convictions for rape predicated on his daughter's age was "clearly stronger" than the issues chose by appellate counsel. Jarvis, 236 F.3d at 164. Thus, Thompson fails to demonstrate deficiency on the part of appellate counsel. Accordingly, Claim Three will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 5) will be granted. Thompson's § 2254 Petition will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

---

[5] Indeed, the evidence at trial showed that Thompson had sexual intercourse with his daughter regularly beginning when she was eleven years of age and continuing through her fourteenth birthday.

12

issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Thompson fails to meet this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Thompson and counsel of record.

/s/ REP  
Robert E. Payne  
Senior United States District Judge

Date: June 20, 2012  
Richmond, Virginia